UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JERRY JEROME ELDRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 22-118-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| S. MIRUS, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Jerry Eldridge is a pretrial detainee at the Fayette County Detention Center in Lexington, Kentucky.  Proceeding without an attorney, Eldridge has filed a Complaint pursuant to 42 U.S.C. § 1983. [Record No. 1] He has also submitted a handwritten note expressing his interest in filing a motion for leave to proceed *in forma pauperis* [Record No. 3], as well as some financial information from the detention center [Record No. 4].

First, the Court will deny the request to the extent that Eldridge's handwritten note and attached financial information is construed as a motion for leave to proceed *in forma pauperis*.  A *pro se* prisoner must complete and file both the AO 240 and E.D. Ky. 523 Forms to seek leave to proceed as a pauper in this district, and Eldridge has not yet completed and filed those forms.

The Court has nevertheless conducted an initial screening of Eldridge's Complaint pursuant to 28 U.S.C. § 1915A and will dismiss his claims, just as it dismissed a recent, somewhat similar pleading.  [*See Eldridge v. Tackett*, No. 5:21-cv-00084-JMH, at Record

-1-

Nos. 5, 6 (E.D. Ky. Apr. 8, 2021), *aff'd*, No. 21-5396, 2021 WL 8155163 (6th Cir. Sept. 7, 2021).]

Eldridge's latest Complaint asserts claims against a state police officer (S. Mirus in only his official capacity), the Rowan County Jail, the Fayette County Detention Center, the Fayette County District Court, and the "Lexington Metro Police Department." [Record No. 1 at 3-5] Eldridge's allegations are exceedingly difficult to follow, although he repeatedly states he "was not [on] video" and claims he "was wrongly arrested." [*Id.* at 6-7] Thus, it is clear that Eldridge takes exception to criminal charges that are currently pending against him in state court. [*See id.*] He is seeking substantial monetary damages from each named defendant. [*Id.* at 7]

Eldridge's Complaint fails to state a claim upon which relief may be granted and, therefore, does not survive initial screening. *See* 28 U.S.C. § 1915A(b)(1). Eldridge has failed to properly state a claim against state police officer S. Mirus because his allegations against the officer are largely unintelligible and, in any event, Eldridge's official-capacity-only claim is actually against the Commonwealth of Kentucky which is not subject to suit for money damages. *See, e.g., Yazid v. Webster*, No. 2:20-cv-097-WOB, Record No. 15 (E.D. Ky. Oct. 16, 2020) (dismissing a *pro se* plaintiff's claims against two state police officers in their official capacities because they were barred by the Eleventh Amendment).

Eldridge has also failed to state a claim against the remaining defendants. As the United States Court of Appeals for the Sixth Circuit clearly explained in Eldridge's last case, the Rowan County Jail and Fayette County Detention Center "are jails and therefore are not subject to suit under § 1983." *Eldridge*, 2021 WL 8155163, at *2 (citing *Cage v.*

*Kent Cnty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. 1997)).  Likewise, neither the Fayette County District Court nor the Lexington Police Department are suable entities under § 1983.  *See, e.g., Mihalic v. Fayette County Detention Center*, No. 5:22-cv-070-DCR, Record No. 6 (E.D. Ky. March 21, 2022) (explaining that a building is not subject to suit under § 1983); *Jewett v. Fayette County Police Department*, No. 5:21-cv-262-DCR, at Record No. 4 (E.D. Ky. Oct. 19, 2021) (also dismissing a claim against the local police department).

And even if Eldridge's claims are construed more broadly as being against Rowan County, Fayette County, or the Lexington-Fayette Urban County government, they fail nonetheless because he has not clearly alleged that any of these entities maintained a policy or custom that led to the harms asserted in his Complaint.  *See also Eldridge*, 2021 WL 8155163, at *2 (citing *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014), and discussing municipal liability).  Accordingly, it is hereby

**ORDERED** as follows:

1.      Plaintiff Eldridge's motion for leave to proceed *in forma pauperis* [Record No. 3] is **DENIED**.

2.      Plaintiff Eldridge's Complaint [Record No. 1] is **DISMISSED** with prejudice.

3.      This action is **DISMISSED** and **STRICKEN** from the docket with a corresponding Judgment to be entered forthwith.

Dated: May 11, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky